**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CARL E. WATSON, I,

        Plaintiff,

        v.                        Case No. 25-1184-EFM-BGS

CHRIS CARR, et al.,

        Defendants.

## REPORT AND RECOMMENDATION FOR DISMISSAL

Plaintiff Carl Watson brought this civil complaint on August 22, 2025, alleging claims arising from the DMV's denial of his application for a State of Kansas driver license. Doc. 1. He is proceeding pro se and paid the required filing fee. On November 5, 2025, Plaintiff filed an amended complaint naming as Defendants Chris Carr (the Attorney General of Georgia), the Georgia Department of Revenue, and the Georgia DMV.[1] Doc. 9. Plaintiff utilized the United States Marshals Service ("USMS") to effectuate service of the summons and complaint. However, the USMS was unable to serve Defendant Carr because of an invalid address. *See* Doc. 12. To date, Plaintiff has not attempted service on the other two Defendants.

In response to the USMS returning the summons unexecuted, Plaintiff filed an additional motion for service. *See* Doc. 13. The Court granted that motion and advised the Plaintiff that he is responsible for providing correct addresses to the USMS for service. *See* Doc. 14. Plaintiff was ordered to provide the Clerk's office with accurate addresses for the Defendants by December 12, 2025. *Id.* On December 15, 2025, the Clerk's office informed the undersigned's Chambers that no addresses were provided.

---

[1] Plaintiff also filed a notice indicating these additions. Doc. 11.

1

On December 16, 2025, the Court issued an order to show cause directing Plaintiff to explain why the undersigned should not recommend dismissal of his claims for failure to effectuate service and failure to otherwise prosecute the case. Doc. 17. The Court advised Plaintiff that he is responsible for providing correct service addresses to the USMS. Plaintiff filed an "objection" in response to the Court's order to show cause, which does not address the service deficiencies identified by the Court. Instead, Plaintiff primarily challenges the denial of an earlier motion for an extension of time.[2] The filing consists largely of detailed descriptions of Plaintiff's medical history, physical limitations, and ongoing treatment needs, as well as complaints about the length and content of a motion to dismiss filed by opposing counsel.[3] Plaintiff does not provide the missing service addresses, explain any efforts to comply with the Court's order, or otherwise show cause why the action should not be dismissed for failure to effectuate service or failure to prosecute.

## I.    Failure to Effectuate Service

Federal Rule of Civil Procedure 4(m) governs the time limit for service. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Where a plaintiff establishes good cause for failing to timely effect service, "the court must extend the time for service for an appropriate period." *Id. See also Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If a plaintiff cannot show good cause, the court must determine whether to grant a permissive extension of time to effect service prior to dismissing the case. *Espinoza*, 52 F.3d at 841.

---

[2] That motion related to filing a response to a motion to dismiss in a separate, but related, case filed by Plaintiff (*see* Case No. 25-1174). The request was subsequently granted after refiling. *See* Doc. 25 in Case No. 25-1174.

[3] There is no motion to dismiss pending in this case, and defense counsel has not entered an appearance or been served. As has occurred previously, Plaintiff appears to be conflating this case with his other action.

2

### a. Mandatory Extension

Plaintiff has not shown good cause for failing to timely serve the Defendants. The Tenth Circuit construes Rule 4(m)'s good-cause requirement narrowly, "to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). For instance, courts may find good cause where a defendant has actively evaded service. *Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997). By contrast, "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Nor do mistakes of counsel or ignorance of the rules generally constitute good cause. *Id.* Whether good cause exists is a determination committed to the sound discretion of the trial court. *Hendry*, 116 F.3d at 449.

Here, Plaintiff has not shown good cause for failing to effect service within the 90-day period required by Rule 4(m). Service on Defendant Chris Carr was attempted only once and was unsuccessful because Plaintiff provided an incorrect address, resulting in the summons being returned unexecuted by the USMS. *See* Doc. 12. Plaintiff was notified of the defect and advised that he bears responsibility for supplying accurate service information, yet he has not provided a corrected address or taken further steps to effect service. There is no indication that Mr. Carr evaded service or otherwise obstructed service efforts. Instead, the failure of service stems from Plaintiff's deficient service address and his subsequent inaction—circumstances that typically do not constitute good cause under Rule 4(m). *See Despain*, 13 F.3d at 1438; *In re Kirkland*, 86 F.3d at 176.

Nor has Plaintiff shown good cause with respect to the other Defendants named in the amended complaint. More than ninety days have elapsed since Plaintiff filed the amended complaint adding the Georgia Department of Revenue and the Georgia Department of Motor Vehicles as Defendants, yet Plaintiff has not attempted service on either entity. Plaintiff did not request issuance of summons, provide service addresses, or otherwise take steps to effect service on those

3

Defendants.  This complete lack of effort further demonstrates that Plaintiff has not acted with the diligence required to establish good cause for a mandatory extension.  Because Plaintiff has not demonstrated diligent or meticulous efforts to comply with Rule 4(m), a mandatory extension of time for service is not warranted.

### b.  Permissive Extension

Even when a plaintiff fails to establish good cause for a mandatory extension, the court retains discretion to grant a permissive extension of time.  "[A] plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissi[ve] extension of time within the district court's discretion." *Espinoza*, 52 F.3d at 841.  In exercising that discretion, courts consider several factors, including whether the applicable statute of limitations would bar refiling, whether the defendant had notice of the lawsuit, and whether the defendant would be prejudiced by an extension.  *Id.* at 842; *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273 (D. Kan. 2004) (reciting relevant factors).

A permissive extension is not warranted here.  Plaintiff has not identified any statute-of-limitations concern that would prevent refiling if the case were dismissed without prejudice, and the Court is not aware of any such bar.  Nor does the record show that any Defendant has received actual notice of this lawsuit.  To the contrary, no Defendant has been served, and the sole attempted service was unsuccessful due to Plaintiff supplying an incorrect address.  Finally, while prejudice to Defendants may be minimal given the early posture of the case, that factor alone does not justify an extension where Plaintiff has not acted diligently or taken steps to cure known service defects after receiving notice from the Court.  Considering the relevant factors together, and in light of Plaintiff's failure to pursue service despite ample time and notice, the Court concludes that a discretionary extension under Rule 4(m) is not warranted.  The Court therefore declines to grant a permissive extension and finds that Plaintiff's claims against Defendants should be dismissed without prejudice.

**II.    Failure to Prosecute**

Further, Plaintiff has not taken any action to prosecute the case against the Defendants. Rule 41(b) authorizes the court to dismiss an action when a plaintiff fails to prosecute his or her case. *Davis v. Miller*, 571 F.3d 1058, 1060-61 (10th Cir. 2009) (recognizing the court's authority to dismiss claims sua sponte). The court retains discretion to determine whether to dismiss an action with or without prejudice under Rule 41(b); however, the Tenth Circuit cautions that dismissal with prejudice is a drastic sanction that the court should use sparingly. *See id.* When considering dismissal as a sanction, the court applies the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Dismissal is proper when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on its merits. *Id.*

Consideration of the *Ehrenhaus* factors supports dismissal without prejudice. Although the degree of actual prejudice to Defendants is limited because no one has been served, Plaintiff's failure to prosecute has nonetheless impeded the orderly progression of this case. The action has been pending for several months without effective service, despite Court orders directing Plaintiff to provide accurate service information. This lack of progress has required the Court to expend time and resources addressing procedural deficiencies that Plaintiff has not cured.

Plaintiff is also culpable for the lack of progression of the case. He was notified that service had not been effectuated because the address provided was invalid and was advised that he bears responsibility for providing accurate service information. Despite that notice, Plaintiff did not provide correct addresses or otherwise take steps to move the case forward. The Court further warned Plaintiff that failure to comply with its orders and effect service could result in dismissal. *See*

Doc. 17. Balancing these factors against the strong preference for resolving cases on the merits, the Court concludes that dismissal without prejudice is warranted under Rule 41(b).

The undersigned therefore **recommends** that the District Judge **dismiss** Plaintiff's claims against Defendants without prejudice for failure to effectuate service and failure to prosecute the case.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), Plaintiff may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If a party fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO RECOMMENDED**.

Dated February 9, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

6