IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL E. WATSON, I., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v ) | Case No.: 25-1184-EFM |
| ) | |
| CHRIS CARR, *et al*, ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

## **ORDER**

This matter comes before the Court on a Report and Recommendation (R&R) for dismissal. The R&R notes that this complaint was filed on August 25, 2025, with an amended complaint filed on November 5, 2025. Plaintiff utilized the United States Marshals Service (USMS) to effectuate service of the summons and complaint; however, service was unable to be completed on Defendant Carr due to an invalid address, and service on the other two defendants has not been attempted by Plaintiff.

The Court granted Plaintiff's request for additional service, directing the Plaintiff that it was his responsibility to provide a correct address for service. He was ordered to provide that address by December 12, 2025. He failed to do so.

Therefore, on December 16, 2025, the Court issued an order to Plaintiff to show cause why the case should not be recommended for dismissal for failure to effectuate service and to otherwise prosecute the case. Plaintiff filed an "objection" to this order, which wholly failed to address the issues raised in the Show Cause order. Therefore, the R&R was filed on February 9, 2026

recommending dismissal of this case on the grounds that Plaintiff has not shown good cause for failing to timely effect service and for failure to take any action to prosecute the case.

Plaintiff filed a response to the R&R on February 25, 2025, but this response again fails to address the issues upon which the R&R relied. Instead, Plaintiff blames a Deputy Marshal (even alleging a conspiracy between this female Deputy Marshal and the female Magistrate Judge who issued the R&R), claimed that he had provide a correct address, and complained that as a disabled veteran with numerous disabilities (detailed in his response) the Magistrate Judge violated the ADA in not accommodating him.

As noted in the R&R it is the Plaintiff's responsibility to effectuate service on his case. By failing to provide a correct address for Defendant Carr and failing to take any steps to attempt service on the other defendants, Plaintiff has failed in this responsibility, as well as failing in his obligation to take actions to prosecute the case. Therefore, the Court adopts the R&R and finds that the case should be dismissed.

IT IS THEREFORE ORDERED that the R&R recommending dismissal, Doc. 24, is ADOPTED for the reasons stated therein, and this case is dismissed.

IT IS SO ORDERED.

This case is closed.

Dated this 5th day of March, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE